# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**STATE AUTO INSURANCE CO.,**

        **Plaintiff,**

                                              **Case No.: 2:09-cv-735**

**v.**                                       **JUDGE SMITH**

                                              **Magistrate Judge King**

**THOMAS LANDSCAPING &**
**CONSTRUCTION, INC.,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff State Auto's Motion for Summary Judgment (Doc. 18) and Defendant Thomas Landscaping & Construction, Inc.'s ("Thomas Construction") Motion to Dismiss for lack of jurisdiction and improper venue (Doc. 21). For the reasons that follow, Defendant Thomas Construction's Motion to Dismiss for lack of personal jurisdiction and improper venue is **DENIED,** and Plaintiff State Auto's Motion for Summary Judgment is **GRANTED**.

## I.    BACKGROUND

In September 2008, Michael Roland, a customer of Thomas Construction filed a lawsuit against Thomas Construction in the Kenton County Circuit Court in the Commonwealth of Kentucky alleging faulty workmanship and resulting damages associated with a custom home built by Thomas Construction (hereinafter referred to as "the underlying lawsuit"). Thomas Construction filed a claim with its insurer, State Auto, seeking coverage on the damages claimed by Mr. Roland. In August 2009, Plaintiff State Auto initiated this case seeking a judgment

declaring that Defendant Thomas Construction's insurance contract with State Auto does not provide coverage for the claims Mr. Roland asserted against Thomas Construction in the underlying lawsuit. On February 28, 2011, State Auto filed a motion for summary judgment arguing that Thomas Construction's insurance policy with State Auto does not cover the claims originally filed by Michael Roland. Subsequently, on April 11, 2011, Thomas Construction filed a motion to dismiss State Auto's complaint based on a lack of personal jurisdiction and improper venue.

**A.        Representation of Defendant Thomas Construction**

After this case was filed, Defendant Thomas Construction retained The Moeves Firm, PLLC ("The Moeves Firm") to act as counsel in the litigation. In July of 2010, The Moeves Firm informed Darren Thomas, the owner of Thomas Construction, that because The Moeves Firm did not employ counsel admitted to practice in the Southern District of Ohio, outside co-counsel admitted to practice in the District must be hired. Mr. Thomas provided The Moeves Firm with the required $2,300 retainer fee to cover the costs associated with hiring outside co-counsel. Additionally, The Moeves Firm also received a payment of $450 from Mr. Thomas to cover filing and *pro hac vice* fees. Based on these fees, Mr. Thomas believed that Thomas Construction was adequately represented by counsel.

The outside counsel supposedly engaged by The Moeves Firm to represent Thomas Construction in the Southern District of Ohio, Michael Schulte, never received the retainer from The Moeves Firm and therefore took no action on behalf of Thomas Construction. On November 24, 2010, Patrick E. Moeves, a partner with The Moeves Firm, was arrested for alleged theft from clients and/or potential clients. Around December 1, 2010, The Moeves Firm returned the

2

Thomas Construction legal file to Mr. Thomas. However, even with these developments, Mr. Thomas alleged that he believed Thomas Construction was properly represented by counsel.

In March 2011, Mr. Thomas spoke with Mr. Schulte regarding his position as outside co-counsel to Thomas Construction. At that time Mr. Thomas learned that Mr. Schulte had never received the retainer from The Moeves Firm and therefore undertook no work on behalf of Thomas Construction. Therefore, on April 8, 2011, Thomas Construction retained Garvey Shearer, PSC ("Garvey Shearer") as counsel in the case at bar.

On April 11, 2011, Thomas Construction moved to dismiss the case for a lack of personal jurisdiction and improper venue almost nineteen months after the filing of State Auto's original complaint. Thomas Construction's motion to dismiss for lack of personal jurisdiction was filed despite the filing of an answer to State Auto's original complaint on May 26, 2010, which failed to specifically raise the defense of a lack of personal jurisdiction or improper venue (Doc. 11). Thomas Construction now argues that either the initial answer denied all of the Plaintiff's jurisdictional allegations or that the answer filed by The Moeves Firm is not binding as the counsel was not admitted to practice before the Southern District of Ohio. Plaintiff State Auto argues that Defendant Thomas Construction has waived the defense of lack of personal jurisdiction and therefore is unable to raise the defense at the current point in the litigation.

**B.     Thomas Construction's Insurance Contract with State Auto**

The underlying lawsuit arises from a custom home built by Thomas Construction for Michael Roland. Mr. Roland alleges that Thomas Construction did not build the custom home according to his specifications. Specifically, Mr. Roland alleges that Thomas Construction "failed to build the home within the acceptable standards and practices within the home building industry,

3

failed to complete the work, failed to meet the standard of care and professionalism implied in its contract to build the custom made home, failed in its duty to provide workmanship and materials within acceptable standards and practices within the home building industry, and breached its warranty to repair or replace." (Doc. 18).  Examples of specific complaints are: "[t]he foundation of the home is cracked and plumbing is leaking [and] [t]he chimney is not constructed properly and partially collapsed." *Id.*  Based on the above complaints, Mr. Roland initiated the case against Thomas Construction in Kentucky.

Based on the complaint filed by Mr. Roland, Thomas Construction filed an insurance claim with State Auto, its insurance carrier.  The insurance contract between Thomas Construction and State Auto ("Insurance Contract") states that State Auto "will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." (Doc. 18).  Additionally, the contract states that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence." *Id.* at 5.  An "occurrence" is defined in the contact as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*

State Auto now seeks declaratory judgment in this case, arguing that it is not required to cover expenses associated with the complaint filed by Mr. Roland against Defendant Thomas Construction.  State Auto has moved for summary judgment.  The Court will first address the jurisdictional issue and if jurisdiction is proper, then turn to the merits of the case.

4

## II. MOTION TO DISMISS

Defendant Thomas Construction argues in its Motion to Dismiss that this Court does not have proper jurisdiction over it. Defendant Thomas Construction first argues that it properly raised the defense of a lack of personal jurisdiction. In the alternative, if the Court finds that the affirmative defense of the lack of personal jurisdiction was not properly raised, Defendant Thomas Construction argues that the waiver is not valid because his original counsel, The Moeves Firm, was not properly licensed to practice before the Federal District Court for the Southern District of Ohio.

Plaintiff State Auto does not submit a response to Defendant Thomas Construction's argument that it did not have the necessary minimum contacts with the State of Ohio to be subject to personal jurisdiction in Ohio. However, Plaintiff State Auto argues that because Thomas Construction did not properly plead the affirmative defense of a lack of personal jurisdiction in its answer to State Auto's Complaint, and thereafter participated in the litigation, the defense has been waived and cannot be raised at this point in the litigation. Therefore, Plaintiff State Auto argues, because this Court has personal jurisdiction over Defendant Thomas Construction, the Court should evaluate the case on the merits and grant State Auto's Motion for Summary Judgment.

### A. Personal Jurisdiction

There are two kinds of personal jurisdiction that can be exercised, general jurisdiction and specific jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). General jurisdiction exists when the defendants contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not

relate to the defendants contacts with the state. *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir.2003). Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id.*

Even if neither of the above types of personal jurisdiction are met, a court may obtain personal jurisdiction over a defendant if the defendant waived the defense of lack of personal jurisdiction. The standard for a waiver of the defense of lack of personal jurisdiction is set forth in rule 12(h) of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> **(h) Waiving and Preserving Certain Defenses.**
>   **(1)** *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:
>       **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>       **(B)** failing to either:
>           **(i)** make it by motion under this rule; or
>           **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Rule 12(h)(1) lists rules 12(b)(2)-(5) as the defenses that can be waived if not properly raised in the litigation.  The pertinent part of rule 12(b) is as follows:

> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . .
>   **(2)** lack of personal jurisdiction;
>   **(3)** improper venue;

**B.      Discussion**

The claim between State Auto and Thomas Construction is before the Court on diversity jurisdiction. Thomas Construction is a corporation duly organized and existing under the laws of the Commonwealth of Kentucky and has its principle place of business in Kentucky. (Doc. 21, 6). Defendant argues that Plaintiff's claim fails to plead sufficient facts to allege that Thomas

Construction has the necessary minimum contacts with the State of Ohio to give the Court personal jurisdiction over the Defendant. Plaintiff argues that Defendant waived the defense of lack of personal jurisdiction.

### 1.    Waiver of Personal Jurisdiction

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir. Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). To this end, Fed.R.Civ.P. 12(h)(1) provides that a defense of the lack of personal jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course. The failure to make a timely objection to personal jurisdiction can result in the waiver of that objection. *See Ins. Corp. Of Ir., Ltd.*, 456 U.S. at 703. Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue or service of process." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed.2004). These defenses must be raised "at the time the first significant defensive move is made-whether it be by way of a Rule 12 motion or in a responsive pleading." *Id.*; *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (C.A.Fed. 2005); *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003) (defendants waived the defense of lack of personal jurisdiction under Rule 12(h)(1) because their answer, filed prior to their motion to dismiss, failed

to object to personal jurisdiction). Rule 12(g) requires a party, before submitting a responsive pleading, to consolidate all Rule 12 defenses that are then available to the party. Rule 12 ". . . is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

Defendant Thomas Construction argues that because its original answer to State Auto's complaint denies the paragraph that included State Auto's jurisdictional allegations, Defendant Thomas Construction has properly raised the defense of lack of personal jurisdiction. Defendant Thomas Construction cites *McDermott v. FedEx Ground Systems, Inc.* to support its position. 520 F.Supp.2d 254, 257-258 (D.Mass. 2007). In *McDermott v. FedEx Ground Systems, Inc.*, a defendant was found to not have waived the affirmative defense of lack of personal jurisdiction, even though he did not specifically list lack of personal jurisdiction as an affirmative defense. *Id.* at 257. Instead, the defendant, in his answer to the plaintiff's complaint, specifically denied the paragraph that contained the plaintiff's jurisdictional allegations. *Id.* The Court in *McDermott* appears to heavily weigh the fact that the defendants at no point "effectively consented to jurisdiction through their actions." *Id.* For example, after the denial of the complaint, the defendants moved "reasonably quickly" for dismissal of the case due to the lack of personal jurisdiction, without engaging in other motion practice, alternative dispute proceedings, or other substantive engagements in the litigation. *Id.* The court specifically found that "the prompt action by [the defendants] to move to dismiss the Complaint for lack of personal jurisdiction, without engaging in other aspects of the litigation, satisfies the spirit of Rule 12." *Id.* The main purpose of *McDermott* is to not hold a defendant to strict pleading standards when the defendant manifests a

8

clear intention to challenge personal jurisdiction from the outset of litigation.  This Court does not read *McDermott* to allow the defendant to raise the defense of lack of personal jurisdiction, based on the denial of a jurisdiction allegation in an answer to a complaint, after the defendant has engaged in other activities involved in the litigation.

*McDermott* and the case at bar are distinguishable.  Unlike the defendant in *McDermott*, Defendant Thomas Construction, after the denial of the jurisdictional allegations from the original complaint, did not "reasonably quickly" move to dismiss the case based on a lack of personal jurisdiction.  While there is no bright line rule for what constitutes "reasonably quickly," this Court finds that the nineteen months from the filing of the original complaint by Plaintiff State Auto and the motion to dismiss for lack of personal jurisdiction by Defendant Thomas Construction is not "reasonably quickly." Additionally, the defendant in *McDermott* moved for dismissal based on lack of personal jurisdiction without making other legal motions after responding to the initial complaint.  Here, Defendant Thomas Construction participated in a preliminary pretrial conference where it agreed that this Court has proper subject matter jurisdiction, personal jurisdiction and that venue is proper. (Doc. 17).

Because Defendant Thomas Construction did not properly raise the defense of lack of personal jurisdiction in its original answer to Plaintiff State Auto's complaint, this Court will examine if Thomas Construction's actions are sufficient to constitute a waiver of the defense of lack of personal jurisdiction.  In *Rauch*, the Court determined that Day & Night Manufacturing Corporation ("Day & Night") waived the defense of a lack of personal jurisdiction when it engaged in acts such as the filing of an appearance by Day & Night counsel, joining in a stipulation, and filing extensive interrogatories, because these actions are inconsistent with the

9

intention to raise the defense of lack of personal jurisdiction.  *See* 576 F.2d at 699-700.

"Determining what constitutes waiver by conduct is more art than a science to be sure, and there is no bright line rule." *Pruco Life Ins. Co. v. Wilmington Trust Co.*, 616 F.Supp.2d 210, 216 (D.R.I. 2009). "The Court must consider the passage of time and a defendant's procedural moves in larger context of the case as a whole." *Id.*

In the case at bar, Thomas Construction engaged in a pretrial conference where it did not object to this Court's jurisdiction (Doc. 17) and waited approximately nineteen months from the date of the original complaint before it specifically raised the defense of lack of personal jurisdiction.  Because Thomas Construction did not raise the defense of lack of personal jurisdiction in its answer to State Auto, allowing Thomas Construction to raise the defense at the current point in the litigation runs counter to the spirit of Rule 12, which was designed to eliminate unnecessary litigation delays.  Therefore, this Court finds that Thomas Construction's conduct in this litigation is sufficient to constitute a waiver of the defense of lack of personal jurisdiction.

Based on the factual differences between the case at bar and *McDermott*, and the strict case law regarding the waiver of the affirmative defense of lack of personal jurisdiction under Rule 12, this Court finds that Defendant's original response to Plaintiff's Complaint, when combined with Defendant's subsequent actions, does not properly raise the defense of lack of personal jurisdiction.  Additionally, Defendant Thomas Construction's conduct in the litigation is sufficient to constitute a waiver of the defense of lack of personal jurisdiction.  Therefore, Defendant is found to have waived the affirmative defense of lack of personal jurisdiction.

## 2.    Thomas Construction is bound by his Original Counsel's Actions

As found above, Defendant Thomas Construction's original counsel did not properly raise the affirmative defense of a lack of personal jurisdiction.  In the alternative, Defendant Thomas Construction argues that because the Defendant's original counsel was not properly licensed to practice before the Southern District of Ohio, the counsel's waiver of the affirmative defense of lack of personal jurisdiction is not valid.

A defendant cannot avoid a waiver of the defense of lack of personal jurisdiction by blaming his former attorney. *Conley v. Aggeler*, No. 1:05-CV-406, 2006 WL 461343, at *1 (W.D. Mich. Feb. 24, 2006). A defendant is responsible for the actions of his attorney. *Id.* The United States Supreme Court, in *Link v. Wabash*, also made it clear that a client is bound by the actions of his counsel when it stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

370 U.S. 626, 632-633 (1962). While the language above relates to the dismissal of a case, this Court finds the underlying policy relevant to the decision of whether a client should be bound by his former counsel's waiver of the defense of lack of personal jurisdiction.

In *American Auto. Ass'n, Inc. v. Darba Enterprises, Inc.*, a case similar to the case at bar, the defendant argued that the defense of improper venue had not been waived because the original

11

motion did not comport with local rules requiring a corporation to appear only through counsel. No. C 09-00510 SI., 2009 WL 1542704, at *1 (N.D. Cal. June 2, 2009). The Court decided that it is improper for a defendant to "win a second opportunity to raise a waived defense simply because it violated local rules" by not appearing through counsel at the outset of the case. *Id.* ". . . [I]n law, as in life, do overs are a rare commodity. . ." *Pruco Life Ins. Co. v. Wilmington Trust Co.*, 616 F.Supp.2d 201, 205 (D.R.I. 2009). A court should not "rewind the clock to alter prior counsel's mistake, or perhaps, strategic decision not to raise a jurisdictional defense" simply because new counsel is employed. *Id.*

In the case at bar, Defendant Thomas Construction was informed by the Court that "a corporation may proceed in litigation only through counsel licensed to practice law in this Court." (Doc. 13). The circumstances surrounding the case at bar are very similar to *American Auto Ass'n, Inc.*, as both involve a corporation's failure to be properly represented by counsel. Therefore, based on previous case law, it would be improper for Defendant Thomas Construction to win a second opportunity to raise the defense of lack of personal jurisdiction because he chose to employ counsel that was not properly licensed to practice where the complaint was filed.

However, the Sixth Circuit has recognized that always binding a party to the actions of his counsel, as established by the Supreme Court in *Link v. Wabash* is, at times, unduly harsh. The Sixth Circuit has recognized that it not need follow *Link* when "equity requires" a different outcome. *Alexander v. Local 496, Laborers' Intern. Union of North America*, 177 F.3d 394, 404 (6th Cir. 1999). Similarly, in *Patterson v. Township of Grand Blanc*, the Court decided that the dismissal of a case is "extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of counsel[.]" 760 F.2d 686, 688 (6th Cir. 1985). "Dismissal is usually inappropriate

where the neglect is solely the fault of the attorney." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (C.A. Tenn. 1980).

The case at bar is inherently different than the cases that consider *Link* to be overly strict because determining whether a defense has been waived is a less severe sanction than the complete dismissal of a case.  In the case at bar, the Court is not dismissing an entire case, but instead is only limiting the Defendant's ability to raise the affirmative defense of lack of personal jurisdiction. Unlike *Patterson*, the waiver of the defense of lack of personal jurisdiction does not eliminate Defendant Thomas Construction's "day in court[.]" This Court does not believe that the failure of Defendant Thomas Construction's original counsel to properly raise the affirmative defense of lack of personal jurisdiction rises to the level of unfairness where "equity requires" a different outcome.

This Court understands that Defendant Thomas Construction's original counsel was arrested on fraud allegations and that Thomas Construction took active steps to engage new counsel. However, unlike *Carter*, this Court does not find Defendant Thomas Construction to be blameless. Mr. Moeves, of The Moeves Firm, was arrested in November 2010 on fraud charges and The Moeves Firm returned Thomas Construction's file in December 2010, but Defendant Thomas Construction did not inquire into his legal coverage until April 2011. Because Thomas Construction waited four months after Mr. Moeves was arrested on fraud charges before enquiring into its legal coverage, this Court finds Thomas Construction's delay in obtaining proper representation places Thomas Construction partially at fault.

13

For the reasons stated above, this Court believes that Thomas Construction is bound by the actions of its former counsel. Additionally, this Court has analyzed the Sixth Circuit's concerns over punishing a party based on the mistake of counsel, and finds no compelling reason not to hold Thomas Construction to its original counsel's decision not to raise the affirmative defense of lack of personal jurisdiction. This Court finds that Defendant Thomas Construction is bound by its prior counsel's waiver of the affirmative defense of lack of personal jurisdiction. Therefore, this Court has jurisdiction over Defendant Thomas Construction and its motion to dismiss for lack of personal jurisdiction is **DENIED**.

### 3.    Venue is Proper

As discussed above, Rule 12(h) of the Federal Rules of Civil Procedure states that "[a] party waives any defense listed in Rule 12(b)(2)-(5)" if the defense is not properly raised. Rule 12(b) of the Federal Rules of Civil Procedure states that ". . . a party must assert the following defenses by motion: . . . (2) lack of personal jurisdiction; (3) improper venue . . . ." Therefore, the affirmative defense of improper venue must be raised in the same manner as the affirmative defense of lack of personal jurisdiction.

Defendant Thomas Construction did not specifically raise the defense of improper venue in its answer to the complaint filed by Plaintiff State Auto. (Doc. 11). Instead, Thomas Construction denied the paragraph from State Auto's complaint that claims the Southern District of Ohio is a proper venue. For the same reasons discussed above, Defendant Thomas Construction's denial of the paragraph that contains venue allegations, when combined with Defendant Thomas Construction's subsequent actions, does not properly raise the defense of improper venue. Therefore, Defendant Thomas Construction is found to have waived the defense of improper

14

venue. Additionally, based on the discussion above, Defendant Thomas Construction is bound by The Moeves Firm's waiver of the defense of improper venue. Therefore, Defendant Thomas Construction's motion to dismiss for improper venue is **DENIED**.

### III.    MOTION FOR SUMMARY JUDGMENT

Plaintiff State Auto seeks a declaratory judgment providing that no liability coverage is owed to Thomas Construction as a result of any claims made for property damages by Mr. Roland. Plaintiff State Auto argues that it does not owe Thomas Construction liability coverage because defective construction does not constitute an "occurrence" under the Insurance Contract. Defendant Thomas Construction has not filed a response to State Auto's interpretation of the term "occurrence" from the Insurance Contract.

### A.    Summary Judgment Standard

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Matsushita Electric*

*Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.  The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-53.  Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).  The Court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (*quoting Liberty Lobby*, 477 U.S. at 257).  The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252.  The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).  The Court may, however, enter summary judgment if it concludes that a fair-minded jury could not

return a verdict in favor of the nonmoving party based on the presented evidence.  *Liberty Lobby*, 477 U.S. at 251-52; *see also Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street*, 886 F.2d at 1479-80.  That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.  *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**B.      Discussion**

Plaintiff State Auto moves for summary judgment based on the Kentucky Supreme Court's interpretation of an insurance contract with similar wording to the Insurance Contract in the case at bar.  The Insurance Contract states that State Auto "will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." (Doc. 18).  Additionally, the contract states that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence." *Id*.  Specifically, Plaintiff State Auto argues that faulty construction is not an  "occurrence" under Kentucky law.  Defendant Thomas Construction has not submitted a response to Plaintiff State Auto's motion for summary judgment.

Before the Court can address the substantive state law issues surrounding Plaintiff State Auto's motion for summary judgment, this Court must determine whether to apply Ohio or Kentucky substantive law.

**1.      Choice of Law**

The Sixth Circuit Court of Appeals, when evaluating a diversity action pertaining to an

17

insurance contract, stated that "a federal court applies the substantive law of the forum state." *Talley v. State Farm Fire and Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000). More specifically, "a federal judge sitting in a diversity action must apply the same substantive law that would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located." *Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013 (6th Cir. 1998).

Therefore, this Court will apply Ohio choice of law rules. "It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." *Nationwide Mut. Ins. Co. v. Ferrin*, 487 N.E.2d 568, 569 (Ohio 1986). The Ohio Supreme Court in *Gries Sports Enters., Inc. v. Modell*, 473 N.E.2d 807, 808 (Ohio 1984) adopted Section 188 of 1 Restatement of the Law 2d, Conflict of Laws which states the following factors in section 575:

> In the absence of an effective choice of law by the parties, the contacts to be taken into account to determine the law applicable to an issue include:
> (a) the place of contracting;
> (b) the place of negotiating the contract;
> (c) the place of performance;
> (d) the location of the subject matter of the contract, and
> (e) the domicile, residence, nationality, place of incorporation and place of business of the parties

The Court finds that no effective choice of law was made by State Auto and Thomas Construction and therefore this Court will evaluate the factors above. In the case at bar, the place of contracting was Kentucky, the place of negotiation was Kentucky, the place of performance was Kentucky, the location of the subject matter of the contract was Kentucky, and the parties are incorporated in both Ohio and Kentucky. Therefore, Kentucky "bears the most significant relationship to the contract." *Gries Sports Enters., Inc.*, 473 N.E.2d at 287 (*citing Schulke Radio*

18

*Prods., Ltd. v. Midwestern Broadcasting Co.*, 453 N.E.2d 683, 685-686 (Ohio 1983)). Kentucky Substantive law will be applied to the interpretation of the Insurance Contract.

### 2.    Interpretation of the Insurance Contract

The Kentucky Supreme Court, in *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, addressed a fact pattern similar to the case at bar. In *Cincinnati Ins. Co.* the main question is if faulty construction-related workmanship, standing alone, qualifies as an "occurrence" in an insurance contract. 306 S.W.3d 69 (Ky. 2010). The pertinent parts of the insurance contract from *Cincinnati Ins. Co.* read as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .
>> b. This insurance applies to "bodily injury" and "property damages" only if:
>>> (1) The "bodily injury" or "property damage" is caused by an "occurrence"

*Id.* Additionally, the contract later defines an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*

When determining the proper legal meaning of the term "occurrence" the Supreme Court of Kentucky notes that "the fortuity principle is central to the notion of what constitutes insurance. . ." *Id.* at 74. "[A] loss or harm is not fortuitous if the loss or harm is caused intentionally by the insured." *Id.* "For an event to be truly fortuitous, it must, of course, be accidental because the policy only covers occurrences that are accidents." *Id.* at 76. However, simply focusing on the builders intent in building a faulty house is insufficient. *Id.* "[A] court must bear in mind that a fortuitous event is one that is beyond the power of any human being to bring. . . to pass, [or is] . . . within the control of third persons. . . ." *Id.*(internal quotations omitted).

Therefore, as the builder in *Cincinnati Ins. Co.* had control over the building of the home, one cannot logically say that the alleged substandard construction of the home by the builder was a fortuitous, truly accidental, event. *Id.*  Therefore, because the faulty workmanship was not an accidental occurrence, any claim based on the faulty workmanship is not covered by the insurance contract. *Id.*  "In summary, [The Kentucky Supreme Court joins] the majority of other courts who have considered this question by holding that a claim for faulty workmanship, in an of itself, is not an "occurrence" under a commercial general liability policy because a failure or workmanship does not involve the fortuity required to constitute an accident." *Id.* at 79-80 (internal quotations omitted).

The Kentucky Supreme Court also notes that adopting the view that poor workmanship satisfies the fortuity principle would turn insurance policies into performance bonds. *Id.* The holding adopted by the Kentucky Supreme Court, that faulty workmanship does not constitute an "occurrence," "ensures that ultimate liability falls to the one who performed the negligent work. . . instead of the insurance carrier." *Id.*

In the case at bar, the pertinent parts of the Insurance Contract state that State Auto "will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." (Doc. 18).  Additionally, the contract states that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence." *Id.* at 5. Finally, an "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*  The wording of the Insurance Contract is identical in all material respects to the wording of the insurance contract in *Cincinnati Ins. Co.. (See Supra* pp. 19).

In addition to the near identical portions of the two insurance contracts, the case at bar and *Cincinnati Ins. Co.* are also factually very similar.  Both cases involve the meaning of "occurrence" in a commercial general liability policy when a commercial builder fails to properly construct a custom built personal residence.  This Court finds no material factual differences between *Cincinnati Ins. Co.* and the case at bar.  Therefore, the Kentucky Supreme Court's decision in *Cincinnati Ins. Co.* controls here.  State Auto does not owe a duty to indemnify Defendant Thomas Construction as it relates to the underlying action filed by Mr. Roland.  For these reasons, State Auto's Motion for Summary Judgment is **GRANTED**.

## VI.    CONCLUSION

Based on the foregoing, this Court finds that this Court has jurisdiction over Defendant Thomas Construction and venue is proper in this District.  Therefore, Defendant Thomas Construction's Motion to Dismiss for lack of personal jurisdiction and improper venue is **DENIED**.  Additionally, Plaintiff State Auto's Motion for Summary Judgment is **GRANTED**.

The Clerk shall remove Documents 18 and 21 from the Court's pending motion list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED**

*/s/ George C. Smith*                         
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

21